1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10
SCOTT N. JOHNSON,
11                                         CIV. S-08-187 JAM GGH

12          Plaintiff,

13     v.                                   STATUS (Pre-trial
                                            Scheduling) ORDER
14 BEN J. DAVIS ENTERPRISES, INC.,
et al.
15          Defendant.
                                       /
16

17          After review of the Joint Status Report, the court

18 makes the following order:

19                      SERVICE OF PROCESS

20     All parties defendant to this lawsuit have been served and

21 no further service will be permitted except with leave of court,

22 good cause having been shown.

23          JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

24     No further joinder of parties or amendments to pleadings is

25 permitted except with leave of court, good cause having been

26 shown.

                                1

1                    JURISDICTION AND VENUE

2        Jurisdiction and venue are not contested.

3                 MOTION HEARINGS SCHEDULES

4        All dispositive motions shall be filed by July 29, 2009.

5   Hearing on such motions shall be on August 26, 2009 at 9:00 a.m.

6        The time deadline for dispositive motions does not apply to

7   motions for continuances, temporary restraining orders or other

8   emergency applications.

9        **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**

10  **DAY DUE.**

11       All purely legal issues are to be resolved by timely pre-

12  trial motions.  The parties are reminded that motions in limine

13  are procedural devices designed to address the admissibility of

14  evidence and are cautioned that the court will look with disfavor

15  upon substantive motions presented at the final pre-trial con-

16  ference or at trial in the guise of motions in limine.  The

17  parties are further cautioned that if any legal issue which

18  should have been tendered to the court by proper pre-trial motion

19  requires resolution by the court after the established law and

20  motion cut-off date, substantial sanctions may be assessed for

21  the failure to file the appropriate pre-trial motion.

22       The Court places no page limitations upon the length of the

23  parties' briefs; however, it is a rare motion that cannot be

24  persuasively and thoroughly argued in 20 pages or less.

25

26

DISCOVERY

All discovery shall be completed by June 19, 2009.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

DISCLOSURE OF EXPERT WITNESSES

The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by April 10, 2009.  Supplemental disclosure and disclosure of any rebuttal experts under Fed. R. Civ. P. 26(a)(2)(C) shall be made by April 17, 2009.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party.  See Fed. R. Civ. P. 37(c).

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their reasons therefore, so that they will be able to give full and complete testimony at any deposition taken by the opposing parties.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

FINAL PRE-TRIAL CONFERENCE

The final pre-trial conference is set for September 25, 2009 at 2:00 p.m.  In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.  All pro se parties must attend the pre-trial conference.

Counsel for all parties and all pro se parties are to be fully prepared for trial at the time of the pre-trial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file with the court, no later than seven days prior to the final pre-trial conference, a joint pre-trial statement. **Also at the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement in WPD or Word format to Judge Mendez's assistant, Jane Pratt at: jpratt@caed.uscourts.gov.**

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be included

in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order.  The final pre-trial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include

1 monetary sanctions, orders precluding proof, elimination of

2 claims or defenses, or such other sanctions as the court deems

3 appropriate.

4                          TRIAL SETTING

5      Trial in this matter is set for November 2, 2009 at

6 8:30 a.m.  The parties estimate a trial length of approximately 3

7 to 4 days.

8                       SETTLEMENT CONFERENCE

9      No Settlement Conference is currently scheduled.  If the

10 parties wish to have a settlement conference, one will be

11 scheduled at the final pretrial conference or at an earlier time

12 upon request of the parties.

13

14       OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

15      This Status Order will become final without further Order of

16 Court unless objection is lodged within seven (7) days of the

17 date of the filing of this Order.

18      IT IS SO ORDERED.

19 Dated:  May 21, 2008

20

                              /s/ John A. Mendez
21                            HON. JOHN A. MENDEZ
                              United States District Judge
22

23

24

25

26